**Order entered January 19, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01160-CR

## THE STATE OF TEXAS, Appellant

### V.

## DOUGLAS ALLEN MACHUTTA, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F15-23625-Y**

## ORDER
Before Chief Justice Wright, Justice Myers, and Justice Brown

The Court has before it appellee's December 22, 2016 motion to dismiss the appeal and the State's December 30, 2016 response. A review of this case shows appellee was charged with continuous sexual abuse of a child. Following a five-day trial, the jury was instructed on continuous sexual abuse of a child or, alternatively, three counts of the lesser-included offense of aggravated sexual assault of a child. The jury found appellant guilty of the three lesser-included offenses, and the trial court sentenced appellee to twenty-five years in prison for each count, to be served consecutively. Appellee filed a motion for new trial, which the trial court granted to the extent the judgment was reformed to show only one conviction for aggravated sexual assault of a child with a sentence of twenty-five years in prison.

On September 6, 2016, the elected Dallas County District Attorney resigned from office. Sixteen days later, the State filed this appeal. Appellee then filed a motion to dismiss, asserting the State's notice of appeal failed to invoke this Court's jurisdiction. Specifically, appellee contends we lack jurisdiction because the notice of appeal is signed by the "First Assistant District Attorney," and not the District Attorney as required by article 44.01 of the code of criminal procedure. In support of his contentions, he relies primarily on *State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992).

Article 44.01 provides that the "prosecuting attorney" may file a State's appeal under certain circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)−(c) (West Supp. 2016). "Prosecuting attorney" is defined as "the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." *Id.* art. 44.01(i). In *Muller*, the court of criminal appeals considered whether a notice of appeal that was signed by the first assistant to the district attorney (who was out of town at the time the notice of appeal was filed) met the requirements of article 44.01. *Muller*, 829 S.W.2d at 806. The court of criminal appeals concluded it did not and that the court of appeals lacked jurisdiction over the appeal. *Id*. at 813.

In the next legislative session after the *Muller* opinion issued, the Legislature enacted section 601.002 of the government code which provides that "the first assistant or chief deputy of a public office in which a physical vacancy occurs shall conduct the affairs of the office until a successor is qualified for the office." Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 647, *amended by* Act of March 15, 1999, 76th Leg., R.S., ch. 62, § 8.14, 1999 Tex. Gen. Laws 127, 311 (current version at TEX. GOV'T CODE ANN. § 601.002(a) (West 2012)). The clear implication of section 601.002 is to ensure the orderly continuation of the

operations of an office in the event of a vacancy created by the death or resignation of a district attorney.  *See LaSalle v. State*, 923 S.W.2d 819, 827 (Tex. App.—Amarillo 1996, pet. ref'd).

Here, elected Dallas County District Attorney Susan Hawk resigned from office effective September 6, 2016.  Under section 601.002, the First Assistant Criminal District Attorney of Dallas was authorized to conduct the affairs of the district attorney's office.  Those "affairs of office" necessarily included filing the State's appeal in this case, and we reject any argument to the contrary.

We **DENY** appellee's motion to dismiss.


/s/     CAROLYN WRIGHT
        CHIEF JUSTICE